**SUNTEX INDUSTRIAL CORP., LTD; RNB Garments Philippines, Inc. Appellants,**

v.

**CHASE MANHATTAN BANK N.A.; CIT Group/BBC Inc., d/b/a Cit Group Commercial Services, Inc.**

No. 01–2010.

United States Court of Appeals, Third Circuit.

Argued April 18, 2002.

Filed May 15, 2002.

John P. Gleason, (Argued) Gleason, Koatz & Dyer, New York, NY, for Appellant.

John H. Culver, III, (Argued) Kennedy, Covington, Lobdell & Hickman, Charlotte, NC, Steven L. Caponi, Blank, Rome, Comisky & McCauley, Wilmington, DE, for Appellee.

Before NYGAARD and AMBRO, Circuit Judges, and O'NEILL, Senior District Judge.

## OPINION OF THE COURT

NYGAARD, Circuit Judge.

Appellants, Suntex Industrial Corp., Ltd. and RNB Garments Philippines, Inc., appeal from an order of the District Court which granted summary judgment in favor of The CIT Group/BCC, Inc., n/k/a The CIT Group Commercial Services, Inc. Appellants allege as error the issues listed in paragraph I, taken verbatim from their brief Because we conclude that the District Court did not err, we will affirm.

### I.

The allegations of error asserted by appellant are as follows:

1. Whether the District Court erred in concluding that appellants had not established a claim of tortious interference.

2. Whether the District Court erred in concluding that CIT acted with justification when it refused to waive documentary discrepancies in appellants' applications to Chase to honor letters of credit.

3. Whether the District Court held incorrectly that appellants were intended third-party beneficiaries of CITs letter of Credit Agreement with its customer Ruff Hewn.

4. Whether North Carolina law, rather than New York law, is applicable to appellants' claims.

### II.

The facts and procedural history of this case are well known to the parties and the court, and it is not necessary that we restate them here. The court has heard oral argument on the issues presented to us in this appeal. The reasons why we write an opinion of the court are threefold: to instruct the District Court, to educate and inform the attorneys and parties, and to explain our decision. None of these reasons are presented here. We use a not-precedential opinion in cases such as this, in which a precedential opinion is rendered unnecessary because the opinion has no institutional or precedential value. See United States Court of Appeals for the Third Circuit, Internal Operating Procedure (I.O.P.) 5.2. Under the usual circumstances when we affirm by not-precedential opinion and judgment, we "briefly set[ ] forth the reasons supporting the court's decision...." I.O.P. 5.4. In this case, however, we have concluded that neither a full memorandum explanation nor a precedential opinion is indicated because of the very extensive and thorough opinion filed by Judge McKelvie of the District Court. Judge McKelvie's opinion adequately explains and fully supports its order and refutes the appellants' allegations of error. Hence, we believe it wholly unnecessary to further opine, or offer additional explanations and reasons to those given by the District Court, why we will affirm. It is a sufficient explanation to say that, essentially for the reasons given by the District Court in its opinion dated the 28th day of September, 2001, we will affirm.

### III.

In sum, for the foregoing reasons, we will affirm the order of the District Court dated September 28, 2001.

TO THE CLERK:

Please file the foregoing opinion.